# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 13, 2020

161228

LATRICIA HOWARD,
    Plaintiff-Appellee,

v

LACEY RENEE WISTINGHAUSEN and
LISA RENEE WISTINGHAUSEN,
    Defendants-Appellants.

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 161228
COA: 345788
Wayne CC: 17-006810-NI

_____/

On order of the Court, the application for leave to appeal the January 23, 2020 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

ZAHRA, J. (*dissenting*).

I respectfully dissent from the Court's decision to deny leave to appeal. I would peremptorily reverse the Court of Appeals, as I disagree that a question of fact exists as to the allocation of fault for the accident giving rise to plaintiff's injuries. The burden was on plaintiff, not defendant, to produce evidence sufficient to create a genuine issue of material fact worthy of submission to a jury, and plaintiff failed to produce such evidence.

The undisputed facts establish that plaintiff was stopped at a flashing red light on a secondary road, intending to turn left onto a main road. As plaintiff was making her turn, defendant's car struck plaintiff's car on the driver's side while in the intersection. The trial court properly granted defendant's motion for summary disposition, finding no genuine issue of material fact existed as to whether plaintiff was at least 51% at fault for this accident. See MCL 500.3135(2)(b).

This case is straightforward and simple. Only the legal profession could complicate it. Anyone who has ever driven a car could easily conclude that plaintiff is primarily, if not exclusively, at fault for this accident. Plaintiff was stopped at a blinking red light, which required her to yield to traffic traveling on the main road before proceeding herself onto that road. But she failed to yield before pulling into oncoming traffic, causing the accident that resulted in her injuries. Defendant moved for summary disposition. Under MCR 2.116(C)(10), plaintiff had the obligation to present evidence sufficient to create a genuine issue of material fact worthy of submission to a jury. *Smith v Globe Life Ins Co*, 460 Mich 446, 455 (1999). This plaintiff utterly failed to do.

The position advanced by plaintiff, and apparently adopted by the Court of Appeals, is based entirely on evidence that defendant was driving with a blood alcohol level of 0.137, well above the level permitted under Michigan law. Indeed, a violation of a statute creates a rebuttable presumption of negligence. But this is merely a rebuttable presumption of *some* negligence on the part of defendant, not a presumption that defendant was at least 51% at fault for the accident that resulted in plaintiff's injuries. Drunk drivers are not to be taken lightly, and driving under the influence of drugs or alcohol should be eradicated, as it causes thousands of accidents and hundreds of fatalities in Michigan every year. But the presumption of negligence to which plaintiff is entitled in this case, standing alone, is insufficient for plaintiff to prevail. It simply cannot be said that defendant's intoxication caused plaintiff to pull into oncoming traffic when she did not have the right of way. The record is completely devoid of any evidence that defendant contributed in any way to this accident by speeding, driving outside of her lane, driving erratically, driving with her headlights off, or doing anything at all to have caused the accident. Moreover, plaintiff testified that when she made her left turn, *she did not even see defendant's vehicle*. In other words, plaintiff—whose burden it was to proffer at least *some* evidence to substantiate her allegation that defendant was both negligent and at least 51% the cause of the accident—instead, by the very dearth of evidence in support of her claim, allowed for the opposite inference to be drawn: that *her* negligence, not defendant's, was the predominant, if not exclusive, cause of this accident. In sum, there is simply no basis in the record from which a jury could reasonably infer that it is more likely than not that any intoxication on defendant's part contributed to this accident, let alone that defendant was at least 51% at fault for the accident. Because plaintiff has not satisfied her burden, the Court of Appeals erred in reversing the trial court.

MARKMAN, J., joins the statement of ZAHRA, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 13, 2020



Clerk

a1110